

403-07/WLJ/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
OCEANWIDE SERVICES GMBH
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
William L. Juska, Jr. (WJ 0772)
Manuel A. Molina (MM 1017)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
OCEANWIDE SERVICES GMBH,

            Plaintiff,

-against-

CHINABRAZ COMÉRCIO IMPORTAÇÃO
E EXPORTAÇÃO, LTDA.,

            Defendant.
------------------------------------------------------------x

07 CIV.   (   )

**VERIFIED COMPLAINT**

Plaintiff OCEANWIDE SERVICES GMBH ("OCEANWIDE"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant CHINABRAZ COMÉRCIO IMPORTAÇÃO E EXPORTAÇÃO, LTDA. (hereinafter "CHINABRAZ"), alleges upon information and belief as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime charter party contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2.    At all times relevant hereto, OCEANWIDE was and still is a foreign business entity organized and existing under the laws of a foreign country, with an office and place of

NYDOCS1/288673.1

business at Fuerstenwall 146, 40217 Dusseldorf, Germany. OCEANWIDE is the registered owner of the vessel M/V ZENOVIA.

3.  At all times relevant hereto, CHINABRAZ was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at Rodovia BR 101, Km 28.2, Contorno, Cariacica – ES-CEP 29156-970, Brazil.

4.  On or about March 7, 2007, OCEANWIDE, as owner of the M/V ZENOVIA, entered into a maritime contract on a GENCON '94 charter party form with CHINABRAZ, as charterer, for the use and operation of the vessel ("the Charter Party").

5.  Pursuant to the Charter Party, CHINABRAZ agreed to voyage charter the vessel from OCEANWIDE and contemplated the carriage of 22,500 M/T "5 pct moloo" (five percent more or less – owner's option) of met coke in big bags of about 750 kgs each from Xingang, China to São Francisco do Sul and Vitoria, Brazil.

6.  OCEANWIDE duly tendered the vessel under the Charter Party and the vessel commenced performance under the command and operation of CHINABRAZ.

7.  OCEANWIDE has met all of its obligations to CHINABRAZ pursuant to the terms of the Charter Party.

8.  Under the terms of the Charter Party, OCEANWIDE had an option to carry a maximum of 22,500 M/T plus 5% (or 23,625 M/T). CHINABRAZ, in breach of the Charter Party, loaded only 20,589 M/T of cargo. As a result, CHINABRAZ became liable to pay OCEANWIDE the sum of $239,844, representing the deadfreight due and owing for cargo short-shipped (3,036 M/T x $80.00 less 1.25% commission). Despite due demand for payment by OCEANWIDE, CHINABRAZ, however, in breach of the Charter Party, has refused or has otherwise failed to pay.

9. Defendant CHINABRAZ also incurred demurrage at the loading port of Xingang, and the discharge ports of São Francisco do Sul and Vitoria for which it is liable to OCEANWIDE under the terms of the Charter Party, which demurrage totals the sum of $353,417.54 allocated as follows: (a) Xingang, Defendant having used 15.21 days instead of the allotted 5.15 days to load, as provided by the Charter Party, for the sum of $251,753.47; (b) São Francisco do Sul, Defendant having used 8.42 days instead of the allotted 6.13 days to discharge, as provided by the Charter Party, for the sum of $55,910.16; and (c) Vitoria, Defendant having used 3.97 days instead of the allotted 2.095 days to discharge, as provided by the Charter Party, for the sum of $45,753.91. Despite due demand for payment by OCEANWIDE, CHINABRAZ, however, in breach of the Charter Party, has refused or has otherwise failed to pay.

10. Under the terms of the Charter Party (Clause 36), Defendant CHINABRAZ agreed to indemnify OCEANWIDE for the additional costs/delays/extra work in the holds/ashore arising from the bad quality of big bags that were used. Large quantities of cargo residues remained on board and on quay. As a consequence, OCEANWIDE paid clearing expenses of $11,097.64, which included the hire of a bulldozer and quay washing equipment for which CHINABRAZ is liable to OCEANWIDE. Despite due demand for payment by OCEANWIDE, CHINABRAZ, however, in breach of the Charter Party, has refused or has otherwise failed to pay.

11. Pursuant to the terms of the Charter Party, all disputes are subject to London arbitration, with English law to apply. OCEANWIDE has commenced arbitration proceedings against CHINABRAZ in London. OCEANWIDE specifically reserves its right to arbitrate the merits of its dispute with CHINABRAZ pursuant to the terms of the Charter Party.

12. This action is brought in order to obtain security in favor of OCEANWIDE in respect to its deadfreight, demurrage and clearing expenses claims against CHINABRAZ,

including but not limited to interest, OCEANWIDE's anticipated attorneys' fees and costs in the arbitration, all of which are recoverable as part of the Plaintiff's main claims under English law.

13. After investigation, Defendant CHINABRAZ cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant or as may be held, received or transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

14. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by OCEANWIDE against CHINABRAZ includes:

(a) OCEANWIDE's deadfreight claim in the sum of $239,844;

(b) OCEANWIDE's claim for outstanding demurrage in the sum of $353,417.54;

(c) OCEANWIDE's claim for additional clearing expenses in the sum of $11,097.64;

(d) Interest in the amount of $103,743.92, calculated on the above sums at the rate of 8% per annum, compounded quarterly, for two years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law; and

(e) Legal fees, arbitrator fees and costs that will be incurred by Plaintiff in respect to the London arbitration which are recoverable pursuant to English law and are estimated to be in the sum of $230,000.

15. Based upon the foregoing, the total amount OCEANWIDE seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$938,103.10.**

W H E R E F O R E, Plaintiff OCEANWIDE SERVICES GMBH prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant CHINABRAZ COMÉRCIO IMPORTAÇÃO E EXPORTAÇÃO, LTDA., citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $604,359.18, plus interest, costs and attorneys' fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$938,103.10** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through or within the possession, custody or control of banking institutions and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

  d. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
   August 16, 2007

          FREEHILL HOGAN & MAHAR, LLP
          Attorneys for Plaintiff
          OCEANWIDE SERVICES GMBH

    By: _____
          William L. Juska (WJ 0772)
          Manuel A. Molina (MM 1017)
          80 Pine Street
          New York, NY 10005

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

William L. Juska, Jr., being duly sworn, deposes and says:

1.  I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.  The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3.  The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
William L. Juska, Jr.

Sworn to before me this
16th day of August, 2007

_____
NOTARY PUBLIC

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009